﻿Citation Nr: 18115446
Decision Date: 07/03/18 Archive Date: 07/02/18

DOCKET NO. 13-08 278
DATE: July 3, 2018
REMANDED
Entitlement to a rating in excess of 10 percent for service-connected chondromalacia with a history of arthritis, residuals of right knee injury (right knee injury) is remanded.
Entitlement to a rating in excess of 10 percent for service-connected residuals of cerebrovascular accident with a history of right-sided weakness (CVA residuals) is remanded.
REASONS FOR REMAND
The Veteran served on active duty from September 1984 to November 1988 in the United States Air Force and from March 1990 to June 1992 in the United States Army.
In a decision issued in September 2017, the Board denied entitlement to a rating in excess of 10 percent for service-connected chondromalacia with a history of arthritis, residuals of right knee injury, and for a rating in excess of 10 percent for service-connected CVA residuals, with a history of right-sided weakness. The Board determined that the Veteran’s disabilities remained unchanged.
In the March 2018 Joint Motion for Remand (JMR), the United States Court of Appeals for Veterans Claims (Court) and the Veteran agreed that VA did not provide an adequate statement of reasons or bases for denying an increased rating for residuals of a right knee injury; and that the Board erred in relying on VA examinations with deficiencies. Particularly, the Court found that the March 2017 medical opinion did not provide evidence for the medical assertions provided when denying a link between the Veteran’s current CVA residuals and sleep apnea, obesity and depression.
In June 2018, the Veteran’s representative submitted correspondence requesting that the Board obtain a new medical opinion, provided by a new VA examiner. The Board finds that this is a reasonable request and has so instructed consideration of this in obtaining a new medical examination and opinion, and consideration of the Court directives, as detailed below.
The matters are REMANDED for the following action:
1. Provide the Veteran an opportunity to identify any outstanding private or VA treatment records relevant to his claim. After obtaining any necessary authorization from the Veteran, obtain all outstanding private and VA records.
2. After obtaining any outstanding medical treatment records, schedule the Veteran for a new VA examination conducted by a new examiner, in order to determine the current nature and severity of his service-connected right knee injury. All tests deemed necessary should be conducted and the results reported in detail. Following a review of the claims file, the examiner should address the following:
a. The examiner should identify any symptoms that the Veteran currently manifests or has manifested that are attributable to his service-connected right knee injury. All appropriate testing, including range of motion, should be performed. In particular, the Veteran’s knee should be tested for pain on both active and passive motion, and in weightbearing and nonweightbearing. If such testing cannot be completed, please provide an explanation as to why this is so.
b. The examiner is asked to describe whether pain significantly limits functional ability during flare-ups and after repetitive use, and if so, the examiner must estimate range of motion during those times. If the examination does not take place during a flare or after repetitive use, the examiner must glean information regarding the severity, frequency, duration and functional loss manifestations during such times from the Veteran, medical records, and other available sources to provide the requested estimations. Efforts to obtain such information must be documented. If there is no pain and/or no limitation of function, such facts must be noted in the report.
All opinions must be supported by a clear rationale and reasoning behind the opinion. 
3. After obtaining any outstanding medical treatment records, schedule the Veteran for a new VA examination conducted by a new examiner, in order to determine the current nature and severity of his service-connected CVA residuals. All tests deemed necessary should be conducted and the results reported in detail. Following a review of the claims file, the examiner should address the following:
a. Address the causes and effects of the Veteran’s CVA residuals, particularly the nerve damage, difficulty swallowing, sleep apnea and erectile dysfunction.
b. Address whether a stroke could cause future strokes, and whether the Veteran’s sleep apnea, obesity and depression are related to his CVA residuals. 
All opinions must be supported by a clear rationale and reasoning behind the opinion. 
4. Readjudicate the claims.
 
R. FEINBERG
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD I. Warren, Associate Counsel